ALBANY, January, 1823.

THE PEOPLE v. JUDGES OF WASHINGTON C. P.

</div>

*Venire de novo* awarded.

---

THE PEOPLE, *ex relat.* BLANCHARD, *against* THE JUDGES OF THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY.

AN alternative *mandamus* was granted, at the last term, directed to the Judges of the Court of Common Pleas of *Washington* county, commanding them to vacate a rule of that Court, in the cause of *Abraham Allen*, survivor, &c. appellee, and *A. L. Blanchard*, appellant, ordering the same to be referred, &c., or to show cause, &c.

From the return, it appeared, that *Allen* sued *Blanchard* before a Justice of the Peace, in an action of *assumpsit*, for 50 dollars. *B.* pleaded *non-assumpsit*, and *non-assumpsit infra sex annos*, to which *A.* replied, and the issues were tried before a jury, who found a verdict for the plaintiff, for

<div align="right">

Where a cause comes before a Court of C. P. on appeal from a Justice's Court, under the *act for extending the jurisdiction of Justices of the Peace*, (sess. 41. ch. 94.) the Court of C. P., on filing the return, cannot, on motion of either party, order the cause to be

</div>

referred, on an affidavit, that the trial of the cause will require the examination of a long account, but must proceed to hear the cause, and decide on the admissibility of the proof offered in the Justice's Court.

ALBANY, January, 1823.

THE PEOPLE v. JUDGES OF WASHINGTON C. P.

50 dollars damages, on which the Justice gave judgment for the plaintiff, with costs. From this judgment *B.* appealed to the Court of C. P. under the statute. (Sess. 41. ch. 94.) The appeal, bond given for security, and return of the Justice, with the evidence, having been filed, the Court of C. P., on the affidavit of *A.*, that the trial of the cause would require the examination of a long account, &c. on the motion of *A.*, ordered the cause to be referred to three referees, which motion was opposed by *B.*, without effect. The Court of C. P., also, certified, that by the rules of practice of that Court, a cause, on appeal from a Justice's Court, under the statute, was considered as at issue, on filing the Justice's return, &c., on the pleadings had before the Justice, without any pleading in the Court of C. P.

The Justices annexed to their return, a particular statement of their reasons for granting the rule of reference, and why they had not vacated it, according to the command of the Court. They conceived, that under the second section of the act for the amendment of the law, &c. (sess. 36. ch. 56. 1 *N. R. L.* 515.) they had authority to order *any cause depending in that Court*, to be referred, when it appeared probable that the trial would require the examination of a long account. That there was nothing in the act (sess. 41. ch. 94.) allowing appeals from Justice's Courts, which expressly prohibited the exercise of the general power of the Court of C. P., given to them by the former statute, &c.

*Billings* and *Willard*, for the relator.

*Gibson* and *Steevens*, contra.

*Per Curiam.* We are not convinced by the reasoning of the Judges of the Court of C. P., on the return to the alternative *mandamus*, that in such a cause as the one before them, a reference could be ordered. That Court takes cognizance of *appeals* from Courts of Justices of the Peace, under an express statutory provision. Independently of the statute, they have no jurisdiction. The 19th section of the act to extend the jurisdiction of Justices of the Peace, (sess.

41. ch. 94.) provides, that when the Court of C. P. become possessed of the cause, they shall proceed to the hearing thereof, on the examination of the witnesses named in the return, who were sworn, and testified before the Justice, unless they were objected to, and illegally admitted, and of the witnesses offered and rejected, if the Court shall think it legal to admit them. According to our construction of the statute, the Court of C. P. must hear the cause, and decide on the admissibility of the proof offered in the Justice's Court. What restraint would there be on the referees, to prevent them from going, at large, into the merits of the cause, without regard to the former trial? We have decided, that it was not the intention of the statute to deprive either party, on the appeal, of a trial by jury. This is a common law right, which cannot be taken away, but by express legislative enactment, within the provisions of the Constitution. A reference is not a common law proceeding; but a mere statutory regulation. The motion for a peremptory *mandamus* must be granted.

<p align="center">Peremptory <i>mandamus</i> awarded.</p>